ARNOLD M. ALVAREZ-GLASMAN, City Attorney (80095)
ROGER A. COLVIN (68773)
rcolvin@agclawfirm.com
ANDREW L. JARED (216935)
aiared@agclawfirm.com
Alvarez-Glasman & Colvin
13181 Crossroads Parkway North
Suite 400-West Tower
City of Industry, CA 91746
Telephone (562) 699-5500
Facsimile: (562) 692-2244

Attorneys for Defendant, City of Pomona

MARK D. ROSENBAUM (SBN 59940)
mrosenbaum@publiccounsel.org
CHRISTINA GIORGIO (SBN 203061)
cgiorgio@publiccounsel.org
ALISA HARTZ (SBN 285141)
ahartz@publiccounsel.org
AZADEH M. HOSSEINIAN (SBN 306141)
ahosseinian@publiccounsel.org
PUBLIC COUNSEL LAW CENTER
610 S. Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

Attorneys for Plaintiffs

(ADDITIONAL COUNSEL ON FOLLOWING PAGE)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| KELLY ANN ALLEN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF POMONA,<br><br>Defendant. | Case No. 2:16-cv-01859-R-E<br><br>**SETTLEMENT AGREEMENT AND STIPULATED ORDER**<br><br>First Amended Complaint Filed: June 24, 2016<br><br>Judge: Hon. Manuel L. Real<br>Courtroom: 8 |

BRADLEY S. PHILLIPS (SBN 85263)
brad.phillips@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

JOHN B. MAJOR (SBN 306416)
john.major@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Plaintiffs

**SETTLEMENT AGREEMENT**

**AND STIPULATED ORDER**

This Settlement Agreement and Proposed Stipulated Order is agreed to and entered into by and between Plaintiffs Kelly Ann Allen, Robert Bell, Jr., Seth Croy, Veronica Delgado, William Kelly, James Morgan, Carmen Nunez, Steven Wayne O'Donnell, Robert Rico, Tommy Singleton, James Spry, Kelley Wilcox, Julie Williams, Jane Doe and John Roe, and the North Towne Christian Church ("Plaintiffs"), and Defendant City of Pomona ("Defendant" or "City"), (collectively, "the Parties"), subject to approval by the Court.

**RECITALS**

WHEREAS the Complaint in this action was filed on March 18, 2016, alleging that by seizing property without due process of law, Defendant violated Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983 based on violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, as well as several state statutes;

WHEREAS on March 21, 2016, Defendant was served with the Summons and Complaint;

WHEREAS on March 30, 2016, the Parties met to discuss a proposed

stipulation regarding the processes and limitations for collection of personal property of persons experiencing homelessness in Pomona;

WHEREAS on April 4, 2016, the Parties entered into a stipulation regarding the seizure of personal property of persons experiencing homelessness, with the Parties agreeing on the noticing, storage, and return requirements of property under various scenarios;

WHEREAS Defendant implemented a policy of noticing, storing, and returning property based on such stipulation;

WHEREAS on April 21, 2016, the Parties met again to discuss a proposed resolution to the lawsuit;

WHEREAS without admitting the truth or veracity of any claims or defenses of each other, the Parties have agreed that, in order to avoid uncertain and costly litigation and to bring about a timely resolution, this lawsuit should be resolved through the entry of this Settlement Agreement and Proposed Stipulated Order ("Order").

**NOW, THEREFORE,** it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343 because it arises under the Constitution and laws of the United States and because it is brought pursuant to 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Venue is appropriate in the Central District under 28 U.S.C. § 1391(b)(2) because all the events and conduct complained of in this action occurred in the Central District.

## II. DEFINITIONS

When used in this Order, the terms listed below, in addition to the terms defined elsewhere in the Order, shall have the following meaning:

1. "Attended Personal Property" shall mean property in the presence of the owner or property left by the owner in the custody of another.

2. "Number of Unsheltered Homeless" shall mean the number of persons identified as Unsheltered Homeless, as defined below, in the most recent homeless count conducted through the Los Angeles Homeless Services Authority ("LAHSA").

3. "Stored Property on Public Property" shall mean property accumulated on public property in excess of what could fit in a 60-gallon container, excluding one bicycle, walker, or wheelchair, and one bag or container of "CA CASH REFUND" or "CA CRV" beverage containers.

4. "Transitional Storage Center" shall mean a facility for use by Pomona residents experiencing homelessness to store personal property in individual lockers no smaller than 60 gallons each.

5. "Unattended Personal Property" shall mean property not in the presence of the owner or another person given temporary custody and control of such property.

6. "Unsheltered Homeless" shall have the same meaning as defined and used by the LAHSA in their annual Homeless Count.

## III. SCOPE AND TERMS OF ORDER

The Order provides Plaintiffs with six main forms of relief. First, it requires the City to establish and fund a Transitional Storage Center, which will consist of lockers that homeless persons residing in Pomona can use to store their belongings. Second, it requires the City to make a settlement payment to Plaintiffs. Third, it provides Plaintiffs with priority with regards to permanent housing resources developed by the City to the maximum extent allowed by law. Fourth, it

establishes required procedures with regard to how the City handles homeless persons' property. Fifth, it requires the City to produce a semiannual report regarding the status of its homeless population. And sixth, it requires the City to pay Plaintiffs an agreed sum of attorneys' fees.

**A. Transitional Storage Center Implementation and Funding**

Within ninety (90) days of entry of this Order, Defendant shall establish a Transitional Storage Center ("TSC") for use by Pomona residents experiencing homelessness to store personal property. Defendant shall pay a minimum of ninety thousand dollars ($90,000) for the fabrication and installation of no fewer than 388 storage lockers to be located within one mile of the City of Pomona Civic Center. This number of storage lockers was agreed to by the Parties as the current unmet need for such lockers based on the number of Unsheltered Homeless as reported in the 2016 LAHSA Homeless Count. The TSC location shall allow for complementary homelessness service providers to offer their services at the TSC. Defendant shall provide three years of funding to operate the TSC at an annual amount of at least one hundred and fifteen thousand dollars ($115,000) per year. Plaintiffs shall be provided a storage locker at the TSC to be used consistently with the terms and conditions established by the TSC operator. Defendant shall incorporate a jobs program into the TSC that prioritizes hiring and employing Pomona residents experiencing homelessness.

**B. Settlement Payment**

Within seven days of the entry of the Order, Defendant shall deliver to Plaintiffs' Counsel, by way of draft issued to the "Public Counsel Client Trust Account," Tax Identification Number 23-7105149 ("Public Counsel Client Trust Account"), a sum of forty-nine thousand dollars ($49,000.00) ("Payments to General Plaintiffs") to be divided among and distributed to Plaintiffs in agreed upon individual amounts. Defendant shall also retain in trust a payment in the amount of one thousand dollars ($1,000.00) that shall constitute part of the

settlement payment owed to Plaintiff Seth Croy ("Croy Settlement Payment"). The Croy Settlement Payment shall be held by the City in trust until the City's contemplated claims for restitution against Seth Croy are fully adjudicated in the Los Angeles Superior Court with respect to charges being considered by the Pomona District Attorney against Seth Croy with respect to alleged conduct occurring on or about May 11, 2016. In the event the Los Angeles Superior Court finds Seth Croy does not owe the City of Pomona restitution, the City shall release the Croy Settlement Payment within seven days of such decision to Plaintiffs' Counsel by way of draft issued to the Public Counsel Client Trust Account. In the event it is adjudicated that Seth Croy owes the City of Pomona restitution, the City shall apply the Croy Settlement Payment toward payment of such restitution, and release the remaining amount, if any, within seven days to Plaintiffs' Counsel, by way of draft issued to the Public Counsel Client Trust Account. If Defendant's contemplated claims for restitution are not fully adjudicated within one year of entry of this Order, Defendant shall release the Croy Settlement Payment within seven days of the first anniversary of entry of the Order to Plaintiffs' Counsel by way of draft issued to the Public Counsel Client Trust Account. Plaintiffs' Counsel shall not distribute the Payments to General Plaintiffs until they have filed a Stipulation of Dismissal of Plaintiffs' Amended Complaint.

**C. Permanent Housing Priority**

Upon Defendant developing housing for the purpose of permanently housing individuals experiencing homelessness, Plaintiffs shall be provided priority in receiving such housing units to the maximum extent allowed by law.

**D. Injunctive Relief With Respect to Personal Property**

This Order governs how the City must handle the personal property of homeless persons. Below, the Order first defines the types of pre-and post-collection notice the City must provide when it collects homeless persons' property. Second, it establishes procedures Defendant must follow with respect to

homeless persons' Attended Personal Property. Third, it outlines procedures that Defendant must use with regard to homeless persons' Unattended Personal Property. Fourth, it establishes procedures for how Defendant must handle homeless persons' personal property when that property is obstructing a right of way; when that property is located in specific thoroughfares; and when that property is located in a designated fire area, as defined below, within the City of Pomona. Last, it imposes requirements for storage of seized property.

1. **Definition of Adequate Prior Notice.** For purposes of this Order, the term "Adequate Prior Notice" shall mean written notice of the City of Pomona's intent to remove property, provided at least 48-hours prior to collection of such property from a public area on public property, except in Lincoln Park and Washington Park where the written notice shall be posted at least 29-hours prior to collection. The written notice shall:

a. Be securely attached to the property that will be collected
b. State that the property will be collected and stored unless it is attended or removed at the time of expiration of the notice period;
c. Identify the location where such personal property may be retrieved;
d. State that the property may be retrieved on Monday through Thursday between 9 a.m. and 4 p.m. without an appointment, or Friday through Sunday between 9 a.m. and 4 p.m. by appointment;
e. State a phone number to call for information on how to retrieve the property;
f. State that no identification is required to retrieve the property, except for prescription medications, which require valid identification to verify identity;
g. State that an owner may establish ownership of the property by describing the location of the seizure and the contents; and

h. State that the property may be picked up free of charge and that no consequences will attach to retrieving the property, including tickets, fines, citations, or checking for warrants.

2. **Definition of Adequate Post-Collection Notice.** For purposes of this Order, the term "Adequate Post-Collection Notice" shall mean written notice indicating that a homeless person's property has been collected. The written notice shall:

a. Be securely attached within 10 feet of the location where the property was collected or provided to the property owner when applicable;

b. Indicate the time of removal;

c. Indicate the collection case number;

d. Indicate a phone number to call for information on how to retrieve the property;

e. Indicate the address where the property can be obtained;

f. State that the property may be retrieved Monday through Thursday between 9 a.m. and 4 p.m. without an appointment and Friday through Sunday between 9 a.m. and 4 p.m. with an appointment;

g. State that no proof of identification is required to retrieve the property except for prescription medications;

h. State that an owner may establish ownership of the property by identifying the approximate location of collection and contents; and

i. State that the property may be retrieved free of charge and that no consequences will attach to retrieving the property, including tickets, fines, citations, or checking for warrants.

3. **<u>Collection of Attended Personal Property</u>.** At no point shall Defendant seize Attended Personal Property unless such property poses a serious and immediate risk to human health and safety, is contraband, is evidence of a crime, constitutes Stored Property on Public Property, or is located in a fire area or pedestrian thoroughfare and seized in line with this Order's procedures governing pedestrian thoroughfares and fire areas pursuant to Subsections III.D.12 and III.D.13, respectively. Evidence of a crime for purposes of this Order shall not include "evidence of a crime" to prove any violation of Pomona City Code section 46-601 *et seq*., regarding "Camping, Sleeping or Storage of Property."

4. **<u>Enforcement of Storage Ordinance Before TSC.</u>** Until the TSC is established and operational and has a number of lockers in excess of the Number of Unsheltered Homeless in the City of Pomona, Defendant shall not enforce Pomona City Code Section 46-604 ("Storage Ordinance") with respect to all Attended Personal Property. When the TSC is established and operational and Defendant intends to begin enforcing the Storage Ordinance, Defendant shall provide notice of its intent to enforce to Plaintiffs' Counsel so that Plaintiffs' Counsel can confirm that the number of lockers provided meets or exceeds the Number of Unsheltered Homeless in the City of Pomona.

5. **<u>Stored Property on Public Property.</u>** Once the TSC is established and operational, and once Plaintiffs' Counsel has verified that it has a number of lockers in excess of the Number of Unsheltered Homeless in the City of Pomona, Defendant may collect Attended Personal Property constituting Stored Property on Public Property by providing at least five hours prior written notice to such person of their right to remove the Stored Property on Public Property, their right to store it at the TSC if they so choose, and their right to keep with them Attended Personal Property up to what would fit in a 60 gallon container, as well as one bicycle, walker, or wheelchair, and one bag or container of "CA CASH REFUND" or "CA CRV" beverage containers. Unless Defendant provides transportation for the

individual and the property in question to the TSC, in the event that such five hour prior written notice is given after 2 p.m., it shall not be acted on by Defendant until after 10 a.m. the following day to allow the individual time to remove such property to the TSC. If the individual elects not to remove the Stored Property on Public Property, either by declaring to Defendant that the property is abandoned or leaving such property beyond the notice period, Defendant may then collect the Stored Property on Public Property and store it for 90 days after providing Adequate Post-Collection Notice. If after 90 days the individual does not retrieve the property, Defendant may dispose of said property. Nothing herein prohibits Defendant from providing additional storage opportunities for a reasonable monthly storage fee.

6. **Enforcement of Storage Ordinance After TSC.** If at any point, the number of Unsheltered Homeless in the City of Pomona exceeds the number of lockers available at the TSC, or if the TSC becomes unavailable for any other reason, Defendant shall halt enforcement of the Storage Ordinance with respect to all Attended Personal Property, and shall not resume enforcement until the TSC again has available space in which Pomona residents experiencing homelessness can store their personal property.

7. **Unattended Personal Property Before TSC.** Until the TSC is operational and has a number of lockers in excess of the Number of Unsheltered Homeless in the City of Pomona, Defendant shall not seize Unattended Personal Property unless Defendant first provides Adequate Prior Notice or the property poses a serious and immediate risk to human health and safety, is hazardous, or is refuse.

8. **Unattended Personal Property After TSC.** After establishing and making operational the TSC with a number of lockers in excess of the Number of Unsheltered Homeless in the City of Pomona, Defendant may seize Unattended Personal Property provided Defendant gives Adequate Post-Collection Notice.

Notwithstanding anything to the contrary, Defendant shall not seize Unattended Personal Property after 2 p.m. unless the City has a compelling and time-sensitive need to seize such property because the property is obstructing and/or interfering with a public event in the City of Pomona, such as art walks and street fairs.

9. **Storage of Collected Property.** Defendant shall store all Unattended Personal Property that it seizes, with the exception of property that poses a serious and immediate risk to human health and safety, is hazardous, or is refuse. Defendant shall process property that is contraband or evidence of a crime according to Pomona Police Department procedures and policies regarding disposition of evidence.

a. Property collected as "refuse" shall be limited to items which are or contain spoiled food, items which are strewn, unfolded clothing or bedding, and items left outside of any container or bag that a reasonable person would identify as having no commercial or intrinsic value. "Refuse" shall not include sorted recyclable materials with a California Redemption Value (CRV) stored in a container or bag. Unless posing a threat to human health or safety, items in piles, suitcases, backpacks, luggage, or other containers shall not be identified by the City as "refuse." Items left in or unattended within three feet of a trash receptacle may be deemed refuse by the City.

b. Property that is merely dirty shall not be considered hazardous or a risk to human health and safety. Items soiled with human excrement or bodily fluids, or infested with insects, vermin, or vectors of disease, shall be considered a risk to human health and safety.

10. **Prescription Medications.** Where Unattended Personal Property collected is determined to include prescription medication, in order to protect the

safety and welfare of persons who may find such medication, such property shall be collected by the City and turned over to the Pomona Police Department for processing to be handled by the Homeless Community Liaison. The City may require any emergency shelter established through a conditional use permit (*i.e.*, shelters established independent of SB2 "by right" development) to incorporate a prescription drug processing and storage (dispensary) operation as part of the services administered by such shelter. In the event such a shelter is opened, the City may transition its medication dispensary function to said shelter or shelters.

11. **Procedures for Property Obstructing Right of Way.** Where personal property is found obstructing the public right of way by preventing a path of travel at least 36 inches wide, such personal property may be moved by the City without prior notice to allow the 36-inch wide path to be reestablished. The City shall make all reasonable efforts to reposition the property to clear the right of way so as to prevent collection of the property. If there is insufficient room to move such property to within 20 feet of its initial location, the property may be collected without advance notice by the City. The City must then provide Adequate Post-Collection Notice and store the property for 90 days, in accordance with the requirements of this Order.

12. **Property at Undercrossings and Pedestrian Thoroughfares.** The Parties recognize that an increased safety risk exists for persons traveling along pedestrian thoroughfares with limited access when individuals store property, sleep, rest, camp, or otherwise remain in such areas. Due to such issues as observed at certain railroad under-crossings and other pedestrian thoroughfares:

a. Defendant shall remain able to instruct individuals staying at the Reservoir Street and Garey Avenue Undercrossings that they must relocate their personal property out of those areas. Defendant shall post signage at such locations advising that sitting, storing property, sleeping, resting, camping, or otherwise remaining in

such areas is not permitted. Defendant shall give individuals present or found in those areas with Attended Personal Property a reasonable opportunity of not less than one hour to remove their property. Unattended Personal Property may be removed so long as Defendant provides Adequate Post-Collection Notice and stores the removed property for 90 days, in accordance with the requirements of this Order.

b. When the City of Pomona has available a number of shelter beds or housing options equal to or in excess of its Number of Unsheltered Homeless, or until enough campground space exists at which homeless individuals may stay and which is large enough to safely accommodate its Number of Unsheltered Homeless, as verified by Plaintiffs' Counsel, Defendant may apply the procedures of this Order applying to the Reservoir Street and Garey Avenue Undercrossings to all pedestrian thoroughfares, bridges and overpasses within the City.

13. **Procedures for Fire Danger Areas.** Due to the increased fire risk in the hills surrounding Ganesha Park and Phillips Ranch, and the recent history of fires in these and other hillside locations, Defendant shall remain able to instruct individuals in the fire danger areas described below that they must relocate their personal property out of these areas. Defendant shall give those individuals no less than one hour to remove such property. Defendant shall also remain able to collect Unattended Personal Property found in fire danger areas without prior notice. Defendant shall post clearly visible signs in areas reasonably calculated to provide notice indicating that Unattended Personal Property in those areas may be removed without prior notice and stored for a period not less than 90 days. Where Unattended Personal Property is seized, Adequate Post-Collection Notice shall be provided. Fire danger areas shall consist of:

a. All property within the area from the intersection of Paige Drive and Val Vista Street, and bordered by Val Vista Street, Dudley Street, Interstate 10 freeway, the city corporate limits, Fairplex Drive, McKinley Avenue, and Paige Drive, returning to Val Vista Street.

b. The Open Space and Fuel Control areas of Phillips Ranch;

c. Open space areas south and west of Phillips Drive (the Westmont Hills);

d. All property within the area bounded by Mission Boulevard, Temple Avenue, the 57 Freeway, Pomona Boulevard, and Humane Way (Elephant Hill); and

e. Any area identified on the Los Angeles County Fire Department, Incorporated Fire Severity Zone for the City of Pomona, to be a Moderate, High, of Very High Fire Hazard or otherwise determined as a fire risk area by the Los Angeles County Department Fire Protection Officer assigned to the City of Pomona. For any new fire danger area identified, signage and outreach protocols shall apply to encourage compliance.

14. **Storage Requirement.** Defendant shall not destroy or otherwise permanently dispose of any Attended Personal Property or Unattended Personal Property that it collects, unless such property poses a serious and immediate risk to human health and safety, is hazardous, or is refuse. All collected personal property shall be stored at a single City facility located within one mile of the Civic Center. Such property shall not be destroyed unless such property remains unclaimed for a period of 90 days. The following storage protocols shall apply:

a. Property collected shall be put into containers or bags marked with the date, time, and location of its collection.

b. Persons may retrieve such property without appointment Monday through Thursday from 9 a.m. to 4 p.m. and by appointment Friday through Sunday between 9 a.m. and 4 p.m.

c. Persons retrieving collected property must be able to sufficiently identify the approximate location of the property's collection and reasonably describe the items collected, or otherwise be able to establish ownership.

d. Except for medications, persons shall not be required to show any form of identification in order to claim collected property.

15. **Enforcement and Validity of Other City Ordinances.** Defendant shall not enforce Pomona City Code Section 46-603 regarding "Unlawful Camping" and Section 46-606 regarding "Unlawful Area of Sleep," except as to persons previously ordered to remove property from high fire zones pursuant to this Order's procedures, until the number of emergency shelter beds, shelter beds, or housing options equals or exceeds the Number of Unsheltered Homeless in the City of Pomona or until enough campground space exists at which homeless individuals may stay that is large enough to safely accommodate the Number of Unsheltered Homeless in the City of Pomona, to be verified by Plaintiffs' Counsel. Nothing in this Order shall be interpreted as an agreement regarding the constitutionality of Pomona City Code Sections 46-601 through 606 and Plaintiffs retain the right to challenge the legality of said sections of the Pomona City Code.

**E. Semiannual Report**

Defendant shall produce a semiannual report regarding the status of its homeless population and this settlement agreement to Plaintiffs' Counsel for three years following entry of this Order. The report shall be produced on July 1 and December 1 of each year and delivered to Plaintiffs' Counsel within 30 days thereafter. The report will detail the City's interactions with and efforts to help its homeless population and address: (1) the number of property seizures from

homeless persons over the prior six months; (2) the usage rate and number of lockers available at the TSC; (3) the number of available shelter beds in the City of Pomona; (4) the amount of property being stored for homeless persons in City storage other than the TSC; and (5) the efforts currently being undertaken by the City of Pomona to address homelessness.

**F. Attorneys' Fees and Costs**

Defendant shall pay the sum of one hundred and sixty thousand dollars ($160,000) in attorneys' fees and costs to Plaintiffs' Counsel, payable no later than 30 days after the approval of this Order by the Court. Notwithstanding any other provision of the Order, if Plaintiffs successfully move to hold Defendant in contempt for failure to comply with any term of the Order, Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in connection with such motion.

## IV. RELEASE OF CLAIMS

Except for the obligations created by this Order, the Parties hereby forever, finally, and fully release and discharge each other and all persons acting through or with them, as well as their employees, managers, officers, agents, insurers, assigns and anyone acting in whole or in part under the direction of Defendant with respect to the issues presented in this case. Such individuals shall be fully released and forever discharged from any and all individual claims, demands, charges, complaints, rights, and causes of action by Plaintiffs as to the allegations raised in the Amended Complaint through the date of the Court's approval of this Order, under California or Federal law or statute, ordinance, regulation, common law, or other source of law. Nothing in the Order shall be construed to bar any individual claims, demands, charges, complaints, rights, or causes of action of any kind, known or unknown, by Plaintiffs with respect to any matter arising subsequent to the date of the approval of this Order by the Court.

## V. RETENTION OF JURISDICTION AND ENFORCEMENT

1. The Court shall retain jurisdiction of this matter for the purpose of enabling the parties to this Order to apply to the Court for any further order or relief that may be needed to construe, carry out, or enforce the terms of this Order.

2. This Order shall remain in effect until Defendant has complied with all of its obligations contained herein, or upon the completion of the third year of Defendant funding and operating the TSC, whichever is later.

3. Subject to the immediately preceding paragraph, this Order shall fully settle this action, and shall completely satisfy all of Plaintiffs' claims against Defendant set forth in the Amended Complaint.

## VI. MISCELLANEOUS PROVISIONS

1. Failure by a Party to enforce any provision of the Order shall not be construed as a waiver of the Party's right to enforce its terms.

2. The Parties may agree, subject to this Court's approval, to amend or modify the terms and conditions of this Order.

3. All undersigned counsel of record for the Parties have the authority to enter into and execute this Order on behalf of their clients.

Dated: August 18, 2016

PUBLIC COUNSEL
MARK ROSENBAUM
GARY BLASI
CHRISTINA GIORGIO
ALISA HARTZ
AZADEH M. HOSSEINIAN

By: */s/ Christina Giorgio*
Christina Giorgio, Esq.
Attorneys for Plaintiffs

MUNGER, TOLLES & OLSON LLP
BRADLEY S. PHILLIPS
JOHN B. MAJOR

By: /s/ John B. Major
John B. Major, Esq.
Attorneys for Plaintiffs

Dated: August 18, 2016

ALVAREZ-GLASMAN & COLVIN

By: /s/ Andrew L. Jared
Arnold M. Alvarez-Glasman, Esq.
Roger A. Colvin, Esq.
Andrew L. Jared, Esq.
Attorneys for Defendant
City of Pomona

**FILER'S ATTESTATION**

I, John B. Major, am the ECF user whose identification and password are being used to file this document. I hereby attest that the other above-named signatories concur in this filing.

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

THIS 19th DAY OF AUGUST, 2016:

Hon. Manuel L. Real
United States District Judge